Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Lynn Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STEVE ALLOCCO,** | Case No.: |
| Plaintiff, | |
| v. | **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **SYNCHRONY BANK f/k/a GE CAPITAL RETAIL BANK,** | |
| Defendant. | |

## COMPLAINT

STEVE ALLOCCO ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against SYNCHRONY BANK f/k/a GE CAPITAL RETAIL BANK ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which is a federal statute that was passed to protect consumers from unwanted automated telephone calls.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747 (2012).

3.  Defendant conducts business in the State of New Jersey and, as such, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.  Plaintiff is a natural person residing in Jackson, New Jersey.

6.  Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.  Defendant is a corporation with its principal place of business located at 950 Forrer Boulevard, Kettering, Ohio 45420.

8.  Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Plaintiff's phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or before July 2015, and continuing through August 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

14. During the relevant period, Defendant persistently called Plaintiff on his cellular telephone, on average, one time per day.

15. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system, automated messages and a pre-recorded voice.

16. Specifically, when answering Defendant's calls, Plaintiff was regularly greeted with an automated/pre-recorded voice that advised Plaintiff to hold for a representative.

17. After listening to Defendant's automated message, there was a delay in the call, then Plaintiff was routinely transferred to one of Defendant's representatives.

18. Upon information and belief, the equipment used by Defendant to place calls to Plaintiff had the capacity to store or produce telephone numbers and to dial such numbers without any human intervention.

19. Defendant's telephone calls to Plaintiff's cellular telephone were not made for "emergency purposes."

20. In early August 2015, Plaintiff revoked any consent previously given to Defendant to place telephone calls to his cellular telephone number.

21. Defendant's representative heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

22. Yet, despite being aware that Plaintiff revoked consent in early August 2015, Defendant persisted in calling Plaintiff on his cellular telephone.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using automated messages and a prerecorded voice.

25. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

26. Defendant's calls to Plaintiff were not made for emergency purposes.

27. Defendant's calls to Plaintiff, after early August 2015, were not made with Plaintiff's prior express consent.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, STEVE ALLOCCO, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

  c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

  e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, STEVE ALLOCCO, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Dated: August 28, 2015  By: /s/ Amy Lynn Bennecoff Ginsburg
  Amy Lynn Bennecoff Ginsburg, Esquire
  Kimmel & Silverman, P.C.
  Executive Quarters
  1930 E. Marlton Pike, Suite Q29
  Cherry Hill, NJ 08003
  Phone: (856) 429-8334
  Facsimile: (877) 788-2864
  Email: aginsburg@creditlaw.com